**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEANNETTE SANTIAGO,

      Plaintiff,

vs.               Case No. 3:17-cv-154-J-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

      Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

  Jeannette Santiago ("Plaintiff"), proceeding pro se, is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). During the administrative proceedings, Plaintiff alleged an inability to work due to multiple problems with her back; arthritis; "shooting pain down [her] right leg with numbness"; an inability to "stand or walk more than 20 min[utes]"; and "sleeplessness." Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed October 3, 2017, at 68, 81, 96, 111, 263. On November 20, 2012, Plaintiff filed an application for DIB, alleging an onset disability date of November 1, 2011, Tr. at 215-16, and on January 23, 2013, Plaintiff filed an

---

   [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 19), filed October 4, 2017; Reference Order (Doc. No. 21), entered October 5, 2017.

application for SSI, alleging an onset disability date of November 16, 2011, Tr. at 217-22.[2] Plaintiff's applications were denied initially, see Tr. at 66, 68-93, 128, 129-33 (DIB), 67, 134, 135-40 (SSI), and were denied upon reconsideration, see Tr. at 94, 96-110, 143, 144-48 (DIB), 95, 111-25, 149-53, 154 (SSI). Thereafter, Plaintiff requested a hearing. Tr. at 155-56.

On February 4, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was then represented by counsel, and a vocational expert ("VE"). Tr. at 39-65. At the time of the hearing, Plaintiff was forty-one (41) years old. Tr. at 42. The ALJ issued a Decision on May 20, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 17-29. On December 20, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 8, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), that was subsequently amended, see Amended Complaint (Doc. No. 14), seeking judicial review of the Commissioner's final decision.

On November 16, 2017, Plaintiff filed a Memorandum (Doc. No. 23; "Pl.'s Mem.") in support of her Amended Complaint. Then, on February 1, 2018, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective filings, the

---

[2] Although actually completed on November 20, 2012 and January 23, 2013, respectively, the protective filing date of Plaintiff's DIB and SSI applications is listed elsewhere in the administrative transcript as November 16, 2012. See, e.g., Tr. at 96, 111.

Commissioner's final decision is due to be affirmed for the reasons stated in this Opinion and Order.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 19-29.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 16, 2011, the alleged onset date." Tr. at 19 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: disorders of the spine, diabetes mellitus, atrial fibrillation, affective disorder and anxiety disorder." Tr. at 19 (emphasis and citation omitted).  At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the

---

[3]  "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), except with no climbing of scaffolds and ladders; only occasional stooping, crouching, crawling, kneeling, and balancing; no exposure to concentrated vibrations or hazards. Due to mental restrictions, [Plaintiff] is limited to simple, routine tasks with no exposure to the general public in an environment with only occasional workplace changes.

Tr. at 22 (emphasis omitted). At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a data entry clerk." Tr. at 28 (emphasis omitted). The ALJ found alternatively at step five that Plaintiff "is capable of making a transition to a significant number of unskilled jobs within her [RFC]." Tr. at 29. The ALJ concluded that Plaintiff "has not been under a disability . . . from November 16, 2011, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. Relevant Procedural History of Appeal

When Plaintiff initiated this case on February 8, 2017, she filed a Complaint using a pre-printed form entitled, "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" (Doc. No. 1). Defendant moved to dismiss the Complaint, or alternatively, for a more definite statement, arguing that "[b]ecause Plaintiff has not alleged any error or misconduct by the Commissioner, the Commissioner cannot understand the nature of the complaint or properly and fully respond." Defendant's Motion to Dismiss Complaint for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, for a More Definite Statement (Doc. No. 10), filed June 28, 2017, at 3. In response, Plaintiff amended the Complaint as the Court permitted. See Order (Doc. No. 12), entered August 22, 2017; Amended Complaint (Doc. No. 14), filed August 29, 2017. Defendant filed an Answer on October 3, 2017 (Doc. No. 17).

On August 22, 2017, the undersigned entered an Order (Doc. No. 13) advising Plaintiff of some of her responsibilities as a pro se litigant in this Court. Among other things, Plaintiff was advised of the following. Plaintiff had to follow the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Id. at 1. Plaintiff was also required to comply with the Court's Scheduling Order, "which sets forth the deadlines for the parties to file memoranda in support of their respective positions." Id. at 4 (emphasis omitted).

Thereafter, on October 4, 2017, the undersigned entered a Scheduling Order (Doc. No. 20) that directed Plaintiff to file a memorandum in support of the allegations contained in the Amended Complaint by December 4, 2017, with Defendant's responsive memorandum being due February 2, 2018. Plaintiff was advised:

> Plaintiff must identify with particularity the grounds upon which the administrative decision is being challenged. Any such challenges must be supported by citation to the record of the pertinent facts and by citations of the governing legal standards. Any contention for which these requirements are not met is subject to being disregarded for insufficient development.

Id. at 1. The parties then timely filed their memoranda.

## B. Discussion

Filings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citations omitted). Nevertheless, "[i]ssues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." N.L.R.B. v. McClain of Ga., Inc., 138 F.3d

1418, 1422 (11th Cir. 1998); see also T.R.C. ex rel. Boyd v. Comm'r, 553 F. App'x 914, 919 (11th Cir. 2014) (citing McClain in a social security appeal and noting that the appellant "fail[ed] to develop any arguments demonstrating that the ALJ erred in his conclusions . . ."); Keeler v. Fla. Dep't of Health, Div. of Disability Determinations, 397 F. App'x 579, 580 n.1 (11th Cir. 2010) (citing Tannenbaum, 148 F.3d at 1263) (stating that "issues not raised in the district court are deemed waived").

Plaintiff's appeal is out of the ordinary in that she raises no real specific points of alleged error on the part of the Social Security Administration. She frames the issue as follows: "Whether [Plaintiff] is entitled to receive Disability, what ground does [Plaintiff] have to challenge the decision of the Administrations [sic] Decision under the act ADA law." Pl.'s Mem. at 2. She then explains and defines her various conditions that allegedly preclude her from working, id. at 2-3, and she contends that she is challenging the denial of her applications "due to the symptoms and [her] ability to be effective in a work environment," id. at 2. According to Plaintiff, "[n]one of the facts were taken into consideration at the time of [the] hearing." Id. Plaintiff does not provide any citation to legal authority or the administrative transcript. In short, it appears she simply disagrees with the decision to deny her DIB and SSI applications.

As Defendant points out, the record does not contain diagnoses of all of the impairments from which Plaintiff now alleges she suffers. See Def.'s Mem. at 4. In any event, this Court is not permitted to reweigh the evidence of Plaintiff's impairments or to determine anew whether Plaintiff is entitled to benefits. Rather, this Court ensures that the Administration's final decision is supported by substantial evidence in the record.

Construed liberally, Plaintiff could be attempting to raise a challenge to the ALJ's finding regarding the severity of her symptoms. See Pl.'s Mem. at 2-3. "[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).[4]

---

[4] The Social Security Administration recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The Administration has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." Social Security Ruling 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017). "In doing so, [the Administration has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character."
(continued...)

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in th[e D]ecision." Tr. at 23. The ALJ continued, "Specifically, the objective medical evidence does not support the level of limitation caused by [Plaintiff's] alleged subjective experience of symptoms." Tr. at 23. The ALJ then went on to discuss, in detail, the medical evidence of record. Tr. at 23-28. The ALJ's discussion reflects adequate consideration of the relevant factors that should be considered in evaluating a claimant's subjective symptoms. The ALJ's determination that the effects of Plaintiff's impairments were not as great as Plaintiff alleged is supported by substantial evidence.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

---

⁴(...continued)
Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). The new guidance had not been issued by the Administration by the time of the ALJ's May 20, 2015 Decision at issue here.

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

2. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 20, 2018.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record
Pro se party